# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 9493 | DATE | 7/10/2003 |
| CASE TITLE | Xinos vs. Kappos | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss is granted, the Court dismisses Plaintiff Xinos' Second Amended Complaint in its entirety. Status hearing set for 7/29/03 at 9:00 A.M. is stricken. Any other pending dates are stricken. Any other pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUL 1 1 2003 date docketed | |
| | Notified counsel by telephone. | | | 32 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | 7/10/03 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| | TH✓ courtroom deputy's initials | 03 JUL 10 PM 4:12 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONSTANTINE P. XINOS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 9493 |
| | ) | |
| v. | ) | |
| | ) | **DOCKETED** |
| COSTAS C. KAPPOS, GEORGE C. KAPPOS | ) | |
| and PETER C. KAPPOS, | ) | JUL 1 1 2003 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Constantine Xinos alleges that Defendants have engaged in a decades-long scheme to extort business partners out of their interests in various entities. Xinos claims that Defendants have now targeted him as the next victim of the scheme. He brings a five-count complaint against Defendants, alleging three types of Racketeer Influenced and Corrupt Organizations Act ("RICO") violations, along with state common law causes of action for breach of fiduciary duty and breach of contract. Defendants move to dismiss Plaintiff's Second Amended Complaint. For the reasons stated herein, the Court grants Defendants' motion.

## BACKGROUND

### I. Procedural History

Xinos filed his first complaint on December 12, 2001. (R. 1-1.) On February 12, 2002, Defendants moved to dismiss that complaint for failure to state a RICO cause of action. (R. 6-1.) The case was reassigned to this Court on August 30, 2002. On October 30, 2002, the Court granted Xinos' motion for leave to file an amended pleading. (R. 10-1.)

Xinos filed his amended complaint on November 27, 2002. (R. 14-1.) On December 26, 2002 Defendants countered with a motion to dismiss that amended complaint, again claiming that Xinos had failed to sufficiently allege a RICO cause of action. (R. 16-1.) The Court agreed and granted that motion on March 10, 2003. (R. 21-1.)

After the dismissal, Plaintiff filed a Second Amended Complaint on April 7, 2003, attempting for a third time to properly allege a RICO cause of action. (R. 27-1.) On April 29, 2003, Defendants moved to dismiss. (R. 28-1.) The Court held oral argument on July 7, 2003. Now, the Court dismisses Plaintiff's Second Amended Complaint, finding that Plaintiff still has not sufficiently alleged RICO violations.

## II. Motion To Dismiss Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint – not the merits of the case. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). The Court will only grant such a motion if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief. *Delgado v. Jones*, 282 F.3d 511, 515 (7th Cir. 2002). In assessing a motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint, and also draws all reasonable inferences from those facts in favor of the plaintiff. *First Ins. Funding Corp. v. Federal Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002) (citing *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001)). Plaintiff cannot satisfy his pleading requirements, however, by merely attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991); *Strauss v. City of Chicago*, 760 F.2d 765, 767-68 (7th Cir.1985) (absence of facts supporting plaintiff's claim renders allegations mere legal

conclusions subject to dismissal).

### III. Allegations

Xinos, a resident of Illinois, invested in real estate in Will County, Illinois with Defendants Costas Kappos, George Kappos and Peter Kappos. (R. 14-1, Sec. Am. Compl. ¶¶1-4.) Two of their investments were the Lakepoint Club Camping Resort and the Cinder Ridge Golf Course (the "Will County Entities"). (*Id.* ¶ 7.) In connection with these investments, Plaintiff and Defendants created various partnerships, land trusts and corporations. (*Id.* ¶ 8.) Xinos typically held an equal share in each of these interests with each Defendant. (*Id.*)

Plaintiff maintains that Defendants engaged in a pattern of economic extortion against their business partners in other businesses. Xinos claims that Defendants forced these business partners to sell their interests to Defendants at significantly reduced prices. (*Id.* ¶¶ 39-76.) The individual acts of extortion purportedly occurred in 1969, 1976, 1977, 1989, and 1993. (*Id.*)

In 1997 and 1998, Defendants attempted to pressure Xinos into selling his ownership of the Will County Entities at a significantly reduced rate. (*Id.* ¶ 79.) Defendants tried to force Xinos' hand by declaring significant profits for the Will County Entities, but refusing to distribute any funds that would allow Plaintiff to pay his share of the taxes on the profits. (*Id.* ¶ 83-91.) Instead of selling his interest at a reduced rate to Defendants, Xinos has attempted to sell his ownership interest to third-parties. (*Id.* ¶ 106.) These attempts have been futile, Xinos claims, because he must disclose to potential purchasers that the Will County Entities are subject to forfeiture under RICO. (*Id.*) That disclosure has made it impossible for Xinos to sell his shares at their true value.

## IV. Causes Of Action

Xinos' Second Amended Complaint contains five counts against Defendants. In Count I, Xinos claims that Defendants used money that they gained from the extortion of their business partners to acquire and operate an enterprise in violation of 18 U.S.C. § 1962(a). In Count II, Xinos alleges that Defendants used racketeering income to acquire and maintain their interests in the enterprise in violation of 18 U.S.C. § 1962(b). Xinos contends in Count III that Defendants violated 18 U.S.C. § 1962(d) by conspiring to violate subsections (a) and (b). Xinos brings state common law causes of action in Counts IV and V. Specifically, Xinos alleges in Count IV that Defendants breached fiduciary duties owed to him and claims in Count V that Defendants breached provisions in the parties' shareholders' agreements.

## ANALYSIS

The Court previously dismissed Plaintiff's RICO claims for failure to allege a use or investment injury under Section 1962(a) and an acquisition or maintenance injury under Section 1962(b). Defendants maintain that Xinos still has not alleged a proper RICO injury in his Second Amended Complaint. Defendants therefore ask the Court to dismiss Xinos' RICO claims with prejudice. Additionally, Defendants argue that because the RICO claims cannot survive, the Court should decline to exercise jurisdiction over Xinos' state law claims. The Court agrees with both of these arguments.

## I. Count I - 18 U.S.C. § 1962(a)

Under Section 1962(a), it is "unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any

4

interest in, or the establishment or operation of" an enterprise. In Count I of his Second Amended Complaint, Xinos claims Defendants violated 18 U.S.C. § 1962(a) by acquiring their interest in the Will County entities and operating them with money obtained from a pattern of extorting their business partners.

As this Court has held, a plaintiff bringing a claim under Section 1962(a) must allege that he was injured from the defendants' use or investment of income that they derived from racketeering activity. *Shapo v. O'Shaughnessy*, 246 F.Supp.2d 935, 965 (N.D. Ill. 2002); *accord*, *Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 437 (9th Cir. 1992); *Danielsen v. Burnside-Ott Aviation Training Center, Inc.*, 941 F.2d 1220, 1230 (D.C. Cir. 1991); *Rose v. Mony Life Ins. Co.*, 82 F.Supp.2d 920, 924 (N.D. Ill. 2000). Xinos attempts to meet this requirement in his Second Amended Complaint by using a different theory than he offered in his first two complaints. Xinos now alleges that Defendants used the money they gained from extorting their business partners in their acquisition and operation of the Will County Entities. Xinos claims that, because of Defendants' scheme of extortion, the Will County Entities are subject to forfeiture under RICO. Xinos maintains that he has an ethical obligation to disclose that the Will County Entities are subject to RICO forfeiture due to Defendants' conduct. Potential purchasers, according to Xinos, will decide either not to purchase his interest in the Will County Entities due to that disclosure, or will only purchase his interest at a significantly reduced rate.

Plaintiff's theory has two fundamental flaws. First, under Section 1962(a), Plaintiff must allege that Defendants used or invested income derived from a pattern of racketeering activity to establish and operate an *enterprise*. An enterprise under RICO "is the vehicle through which the

5

'persons' execute the racketeering activity." *Dudley Enterprises, Inc. v. Palmer Corp.*, 822 F.Supp. 496, 501 (N.D. Ill. 1993). The Second Amended Complaint contains no factual allegations as to how Defendants used the Will County Entities as the vehicle through which they committed the extortion of their business partners. Providing Xinos with all reasonable inferences, Defendants did use the Will County Entities as their vehicle to try to extort Plaintiff himself, but Xinos has not maintained that there is a pattern of racketeering activity with this one alleged instance of attempted extortion. Xinos has therefore failed to allege in the Second Amended Complaint that Defendants used the Will County Entities as a vehicle to engage in the predicate acts.

Second, Plaintiff's injury allegations are pervaded with bootstrapping. Xinos alleges that his prospects of selling his share of the Will County Entities at a reasonable value do not exist, because, as an attorney, he has a duty to disclose that the Will County Entities are subject to RICO forfeiture. The premise that the Will County Entities are subject to RICO forfeiture, however, is speculative at best.

Forfeiture is a criminal penalty under Section 1963. It is not a civil remedy under Section 1964. Therefore, RICO forfeiture can only occur if: (1) the Government commences a criminal investigation of Defendants; (2) a grand jury indicts Defendants for RICO violations; (3) Defendants are found guilty of those RICO violations; (4) the Government institutes forfeiture proceedings against Defendants' property, or included forfeiture allegations in the indictment; and (5) the adjudication of those proceedings results in forfeiture of the Will County Entities. Xinos has not alleged that any of these steps have occurred, and conceded at oral argument that he is not aware of any outstanding criminal investigations of Defendants or the Will County

Entities. Therefore, his alleged injury is fatally speculative. *See Imagineering v. Kiewit Pacific Co.*, 976 F.2d 1303, 1310-11 (9th Cir.1992) (affirming dismissal of RICO claim where the alleged injury required speculation that other events would have occurred); *Lincoln House v. Dupre*, 903 F.2d 845, 847 (1st Cir.1990) (allegation of RICO injury that is contingent on outcome of separate litigation is purely speculative and not ripe for resolution).

Plaintiff argues that his filing of a civil RICO complaint could lead the Government to investigate Defendants or the Will County Entities, and this investigation could eventually result in Defendants' forfeiture of the Will County Entities. Once again, Plaintiff is attempting to bootstrap his way into alleging a RICO violation. If this argument were to hold water, every disgruntled minority investor could allege a Section 1962(a) injury. All that investor would have to do is claim that her property has lost value because of the possibility of a RICO forfeiture. That possibility of a forfeiture only exists, of course, because of the investor's filing of a RICO complaint and her conjecture that the United States may investigate her allegations. The argument would allow a plaintiff to create her own use or investment injury, where one does not otherwise exist, by simply filing a RICO complaint. This is bootstrapping at its finest.

Further, Xinos' allegations cannot be the sole basis for a criminal proceeding under RICO. At this point the five-year criminal statute of limitations under 18 U.S.C. § 3282 has run on all of the alleged predicate acts in the Second Amended Complaint. Therefore, Xinos' fear that the alleged acts in his Second Amended Complaint may subject the Will County Entities to RICO forfeiture is entirely unreasonable.

Plaintiff argues that his allegations are similar to those which the Seventh Circuit found to be adequate under Section 1962(a) in *Sutcliff, Inc. v. Donovan Cos., Inc.*, 727 F.2d 648 (7th

7

Cir. 1984), overruled on other grounds by *Hammes v. AAMCO Transmission, Inc.*, 33 F.3d 774, 782 (7th Cir. 1994). *Sutcliff* is entirely distinguishable, however, because the scheme, enterprise and plaintiff were entirely different than those at hand. The plaintiffs in *Sutcliff* were creditors of the alleged enterprise. The defendants purportedly maintained the scheme by purchasing oil below cost from the enterprise, and providing cash advances to the enterprise to make creditors believe that the enterprise was viable and credit worthy. *Id.* at 651. The scheme allowed defendants to allegedly "milk[] a company dry and leav[e] its creditors with uncollectible accounts receivable." *Id.* With those allegations, it was clear that the plaintiffs could sustain a claim under Section 1962(a). Those allegations, however, also make the case highly distinguishable.

Unlike here, the enterprise in *Sutcliff* was obviously a vehicle to commit the predicate acts. Further, the plaintiffs, who were unrelated to the enterprise, were injured by the defendants' cash advances, since they were induced to providing credit to the enterprise. The *Sutcliff* plaintiffs therefore suffered a real and tangible injury, rather than the speculative and self-created injury that Xinos claims to have suffered. Xinos has failed to sufficiently plead a cause of action under Section 1962(a). Accordingly, the Court dismisses Count I with prejudice.

**II.  Count II - Section 1962(b)**

Section 1962(b) states that it is "unlawful for any person through a pattern of racketeering activity . . . to acquire or maintain, directly or indirectly, any interest in or control" of an enterprise. A proper claim under this section must contain two allegations: (1) that Defendants acquired or maintained an interest in an enterprise through a pattern of racketeering activity, *National Org. for Women v. Scheidler*, 510 U.S. 249, 258-59, 114 S.Ct. 798, 804, 127 L.Ed.2d

8

99 (1994); and (2) that Plaintiff suffered an injury through Defendants' acquisition or maintenance of the enterprise that is separate from the injuries that resulted from the predicate acts, *Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055, 1062-63 (2d Cir.1996), vacated on other grounds, 525 U.S. 128, 119 S.Ct. 493, 142 L.Ed.2d 510 (1998). *See also Shapo*, 246 F.Supp.2d at 963-64.

Xinos has not properly alleged either element. Count II suffers from the same deficiencies as Count I did. First, Xinos' conclusory allegations that Defendants acquired or maintained an interest in the Will County Entities are not sufficient, since he has not properly alleged that the Will County Entities are a RICO enterprise. *See supra*, Section I. Second, Plaintiff has not properly claimed a proper Section 1962(b) injury.

In attempting to establish an acquisition or maintenance injury, Xinos again alleges that he cannot sell his interests in the Will County Entities for reasonable value since he must disclose that they are subject to RICO forfeiture. Xinos' supporting allegations are somewhat of a moving target. In the Second Amended Complaint, Xinos states in one paragraph that the predicate acts are "Defendants' commission of a pattern of mail fraud" through tax evasion. (R. 14-1, Sec. Am. Compl. ¶ 110.) In a separate paragraph and in his Response, Xinos alleges that the predicate acts are instead Defendants' extortion of their business partners. (R. 14-1, Sec. Am. Compl. ¶ 111; R. 30-1, Pl.'s Response to Defs.' Motion to Dismiss at 5.) Finally, at oral argument, Xinos argued that the predicate acts are Defendants' attempted extortion of Xinos. None of these theories support a separate acquisition or maintenance injury.

The Court already found that Xinos cannot claim a separate acquisition or maintenance

9

injury by relying upon the mail fraud allegations as predicate acts.[1] (*See* R. 21-1, Mem. Opinion & Order at 9.) It is also clear that Defendants' attempts to extort Xinos cannot provide a causal link to any acquisition or maintenance injury. Because those efforts were unsuccessful, Defendants have not acquired any additional interest in the Will County Entities.[2] Additionally, Xinos does not allege how they have maintained their interests through the attempted extortion.

That leaves Xinos' theory that the Defendants' purported extortion of their business partners constitutes the predicate acts for the purposes of his Section 1962(b) cause of action. But even with this theory, Xinos' claim is doomed because it is based on the bootstrapping and speculation that the Court addressed with respect to Plaintiff's Section 1962(a) claim. *See supra*, Section I. Accordingly, Xinos has failed to plead a proper cause of action under Section 1962(b).

## III. Count III - Section 1962(d)

Under Section 1962(d), it is "unlawful for any person to conspire to violate any of the previous provisions of subsection (a), (b), or (c) of this section." As Xinos concedes, this cause of action is dependent on the viability of his claims in Counts I and II. *See Vodnik v. Kandah*, No. 90 C 68, 1990 WL 7066, at *1 (N.D. Ill. Jan. 9, 1990). The Court has found that Xinos has failed to adequately plead a RICO violation in those Counts. Accordingly, Xinos cannot maintain a cause of action under Section 1962(d).

---

[1] Xinos concedes that the Court's March 10, 2003 ruling was correct. (*See* R. 30-1, Pl.'s Response to Defs.' Motion to Dismiss at 1.)

[2] Even if the Court were to find that Xinos had met the Section 1962(b) injury requirement, the Defendants' single act of attempted extortion of Xinos alone could not support a RICO violation. Under RICO, there must be a pattern of two-or-more predicate acts to maintain a cause of action. 18 U.S.C. § 1961(5).

## IV. Counts IV and V - State Common Law Claims

The Court's subject matter jurisdiction over Xinos' claims is based entirely on Plaintiff's RICO causes of action. A court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). With no RICO violation, all that is left is a dispute between Illinois citizens regarding Illinois entities. The Court finds that the interests of justice are best served by having an Illinois court preside over the matter. *See O'Grady v. Village of Libertyville*, 304 F.3d 719, 725 (7th Cir. 2002). Accordingly, the Court declines to exercise supplemental jurisdiction over Counts IV and V.

## CONCLUSION

Xinos, despite three attempts and various theories, has failed to adequately allege RICO violations under Section 1962(a), (b) or (d). The Court therefore dismisses Counts I, II and III with prejudice. Without an independent basis in Counts IV and V for maintaining subject matter in this action, the Court dismisses Xinos' Second Amended Complaint in its entirety.

DATED: July 10, 2003    ENTERED:

AMY J. ST. EVE
United States District Judge